IN THE UNITED STATE BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DONALD R. BURNS AND** | § | **CASE NO. 09-31683-H3-7** |
| **CHERYL A. BURNS** | § | **(Chapter 7)** |
| Debtors | § | |

================================================================

| | | |
|---|---|---|
| **DEBORAH DOWNING** | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| **DONALD R. BURNS AND** | § | |
| **CHERYL A. BURNS** | § | |
| Defendants | § | |

## COMPLAINT OBJECTING TO DISCHARGE AND OBJECTION TO THE DISCHARGEABILITY OF CERTAIN DEBTS

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW,** through the undersigned counsel, **Deborah Downing** ("Downing" and/or "Plaintiff") and files this *Complaint Objecting to the Dischargeability of Certain Debts* against **Donald R. Burns** and **Cheryl A. Burns** ("Defendants" and/or "Debtors") and respectfully represents as follows:

1. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. § 157, 11 U.S.C. § 727 and 11 U.S.C. §523.

2. The Plaintiff is a creditor of the Estate of the above named Debtors/Defendants herein having received a Judgment and Order allowing her respective claim from this Court.

### BACKGROUND FACTS

3. On or about February 8, 2007, Plaintiff filed a lawsuit against Donald and Cheryl Burns for defamation and tortious interference with contract (the "State Court Lawsuit"). The

case was set for trial on November 18, 2008, by the 268th District Court, Ft. Bend County, Texas ("the State Court").

4. A jury trial was conducted in the State Court Lawsuit, with the jury rendering a verdict in favor of Plaintiff for Fifty-Seven Thousand Two Hundred Thirty and No/100 Dollars ($57,230.00) in actual damages on the tortuous interference claims and Forty-Two Thousand Seven Hundred Seventy and No/100 Dollars ($42,770.00) in actual damages on the defamation claims (the "State Court Judgment"). Plaintiff moved that the trial court accept the jury's verdict, which the trial court accepted and subsequently discharged the jury.

5. On or about March 11, 2009, the Debtors filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code.

6. The Debtors' bankruptcy petition was filed subsequent to the State Court entering a judgment in the State Court Lawsuit. The State Court Judgment was notwithstanding the verdict in that the State Court upheld the award of Fifty-Seven Thousand Two Hundred Thirty and No/100 Dollars ($57,230.00) on the tortuous interference claim but disallowed the damages awarded for the defamation claim. Simultaneously herewith, counsel has sought relief from the automatic stay to appeal that ruling.

7. The State Court Judgment, based upon affirmative jury findings, found that Debtors had intentionally interfered with Plaintiff's contract with a subsequent employer. The jury was charged that Debtors' conduct was intentional, "Did Don Burns/Sherry Burns intentionally interfere with Deborah Downing's employment with Keller Williams?"

8. The judgment assessed damages against Debtors in the amount of Fifty-Seven Thousand Two Hundred Thirty and No/100 Dollars ($57,230.00) for interference with Downing's subsequent employment with Coldwell Banker.

**GROUNDS FOR DENYING DISCHARGE**

9. The Plaintiff reaffirms and re-alleges each of the allegations set forth above.

10. The jury's verdict in the State Court Lawsuit and the claims set forth therein for defamation and tortuous interference cannot be discharged in bankruptcy pursuant to 11 U.S.C. §523(a)(6). 11 U.S.C. §523(a)(6) creates an exception to dischargeability where the findings of the court establish that the Debtor's actions were "willful and malicious." *In re Milton*, 355 B.R. 575, 582 (Bankr. N.D. Miss. 2006); *In re Salisbury*, 331 B.R. 682, 689 (N.D. Miss. 2005); *In re Keaty*, 397 F.3d 264, 269-70 (5th Cir. 2005). The Fifth Circuit has defined "willful and malicious" within the meaning of 11 U.S.C. §523(a)(6) to mean: "an act done with actual intent to cause injury." *Keaty*, 397 F.3d at 270, citing *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir. 1998).

11. The law in the Fifth Circuit is clear that a showing of intent which is certain to cause, or *substantially certain* to cause, an act is sufficient to meet the requirements of 11 U.S.C. §523(a)(6), which provides one of the exceptions to dischargeability. *Milton*, 355 B.R. 575 at 582; *Salisbury*, 331 B.R. at 689; *In re Keaty*, 397 F.3d at 269-70; *Miller*, 156 F.3d at 603.

12. Debtors are collaterally estopped from challenging or re-litigating in this adversary proceeding the issue of intent which determines the exception to dischargeability. The issue in this proceeding is identical to the issue in the prior State Court Lawsuit; the issue in the prior State Court Lawsuit was actually litigated to a jury verdict and judgment; and the determination made of the intent issue in the prior action was necessary to the resulting State Court Judgment.

13. The Court should deny Debtors' discharge under 11 U.S.C. §523(a)(6) because the State Court Judgment against Debtors is not dischargeable.

**WHEREFORE, PREMISES CONSIDERED**, Deborah Downing respectfully prays that the Court cite Debtors to appear and answer, and that upon final hearing of this matter, that the Court determine that the State Court Judgment is non-dischargeable in bankruptcy as herein prayed, and for all such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully Submitted,

**CRAIG H. CAVALIER, ATTORNEY AT LAW**

By:  /s/ Craig H. Cavalier
Craig H. Cavalier
Federal I.D. No. 2958
State Bar No. 04022075
3355 West Alabama, Suite 1160
Houston, Texas  77098
(713) 621-4720 - Telephone
(713) 621-4779 - Facsimile
*Counsel for Deborah Downing*

~and~

**ROSENBERG & SPROVACH**

By:   /s/ Gregg M. Rosenberg
Gregg M. Rosenberg
Federal I.D. No. 7325
State Bar No. 17268750
3555 Timmons Lane, Suite 610
Houston, TX, 77027
(713) 960-8300 – Telephone
(713) 621-6670 - Facsimile
*Counsel for Deborah Downing*